**Shui King Tam WONG, Gong Yuen Wong, Wing Sun Wong, Plaintiffs-Appellants,**

v.

**Griffin B. BELL, Attorney General of the United States et al., Defendants-Appellees.**

**No. 79–3279.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1981.

Decided April 20, 1981.

Rehearing Denied June 22, 1981.

**360**

Robert L. Miller, Miller & Miller, Los Angeles, Cal., on briefs, for plaintiffs-appellants.

Lawrence B. Gotlieb, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before WALLACE and FERGUSON, Circuit Judges, and MARQUEZ,* District Judge.

* The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizo-

FERGUSON, Circuit Judge:

Plaintiffs challenge defendants' refusal to allow plaintiff Wing Sun Wong into this country. They claim that 8 U.S.C. § 1182(i) entitles Wong to have the Attorney General exercise his discretion as to whether or not to admit Wong. We affirm the dismissal of plaintiffs' lawsuit on the ground, not ruled on below, that plaintiffs' complaint did not state a claim pursuant to which relief could be granted under Fed.R.Civ.P. 12(b)(6).

## I.

Wing Sun Wong lives in Hong Kong. He applied to the American consulate there for a visa in 1958. In his application, he made misrepresentations which barred issuance of a visa. In 1969, he again applied to the consulate in Hong Kong for a visa, which was denied because of the prior misrepresentations. Finally, in 1977, Wong applied for a waiver of excludability under a section of the Immigration and Nationality Act which provides:

> Any alien who is the spouse, parent, or child of a United States citizen or of an alien lawfully admitted for permanent residence and who is excludable because [he sought to procure a visa by misrepresentation] may be granted a visa [within the Attorney General's discretion.]

8 U.S.C. § 1182(i). The term "child" is in turn defined, for purposes of § 1182(i), as "an unmarried person under twenty-one years of age . . . ." 8 U.S.C. § 1101(b)(1). The Hong Kong district director of the Immigration and Naturalization Service ("INS") denied the application, finding Wong statutorily ineligible for a waiver under § 1182(i) inasmuch as he was 41 years old at the time of his application.

Wong's brother is a United States citizen. His mother is a permanent resident alien lawfully admitted into this country. Wong and his two relatives instituted suit in district court challenging Wong's exclusion; their request for relief was limited to "an adjudication of rights and duties arising

na, sitting by designation.

under 8 U.S.C. § 1182(i) . . . ." The court dismissed plaintiffs' cause of action, having found the brother and mother without standing to sue and having determined that the alien could not maintain the action against the named defendants in the Central District of California. We affirm the dismissal on the basis of Fed.R.Civ.P. 12(b)(6).

### II.

A. The parties to this appeal devote their efforts to arguing whether Wong's brother and mother have standing to bring this action. Because resolution of that issue would require this court to formulate important new law, inapplicable to plaintiffs on the facts of this case, we choose an alternative mode of disposition.

In the context of a deportation proceeding, this court has clearly declined to confer standing on the relatives of the alien who is its subject. *See Agosto v. Boyd*, 443 F.2d 917, 917 (9th Cir. 1971) (per curiam). In the context of refusal to admit an alien, however, other courts have conferred standing on those affected by the non-admission under 8 U.S.C. § 1182(a). *See, e. g., Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (although standing not directly addressed, American professors permitted to maintain action protesting non-admission of foreign national under 8 U.S.C. §§ 1182(a)(28) & 1182(d)(3)); *Pesikoff v. Secretary of Labor*, 501 F.2d 757, 759 (D.C.Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974) (American employer granted standing to challenge non-admission of alien potential employee under 8 U.S.C. § 1182(a)(14)); *United States ex rel. Garcia v. McAninch*, 435 F.Supp. 240, 243 (E.D.N.Y.1977) (wife has standing to complain of non-admission of husband).

Deciding whether the instant case is closer to a deportation proceeding, in which this court denied standing in *Agosto*, or to a § 1182(a) proceeding, in which standing was tacitly or expressly granted in the other cases cited above, would require the formulation of far-reaching new law. Two considerations make this case an improper vehicle by which to arrive at such a formulation.

First, even if the mother and brother prevailed and were granted standing, there is no indication that they would have any more right to sue the named defendants in the Central District of California than Wong had. Plaintiffs have not argued that their lawsuit would thereby have any more chance of success. Second, even if the mother and brother were granted standing and could properly sue the named defendants, they would have no chance of prevailing for the reasons set forth in the following section.

■ B. The Hong Kong district director of the INS found Wong statutorily ineligible for relief under 8 U.S.C. § 1182(i) because Wong was not a "child" as defined therein (under 21 years of age) or a spouse or parent. The district court rejected plaintiffs' challenge to the director's action on other grounds. Nonetheless, the director's proper action in finding Wong ineligible furnishes an adequate basis for affirming the dismissal of plaintiffs' suit.

The face of plaintiffs' complaint indicates that Wong made a misrepresentation in 1958. It appears inferentially that Wong must have been over 21 years old at the time he made his final Application for Waiver of Grounds of Excludability in 1977. Proof for that inference appears in that 1977 application, which lists Wong's date of birth as Feb. 7, 1936 in Toishan, K'tung, China. Wong is therefore ineligible for relief pursuant to § 1182(i), which is the only statutory section under which plaintiffs sought relief. Plaintiffs have accordingly failed to state a claim upon which relief can be granted. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Their suit is therefore subject to dismissal under Fed.R.Civ.P. 12(b)(6).

■ The only question which remains is whether we can affirm on the basis of Rule 12(b)(6) a dismissal based on other grounds. A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593

(1969), but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs "an opportunity to at least submit a written memorandum in opposition to such motion," *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979), *quoting Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970). Such was not done here. Nonetheless, the dismissal may properly be affirmed on the basis of Rule 12(b)(6). Plaintiffs cannot possibly win relief under the statute they have urged. In such an instance, "a federal appellate court is justified in resolving an issue not passed on below . . . ." *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), *citing Turner v. City of Memphis*, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941). *See Michael-Regan Co. v. Lindell*, 527 F.2d 653, 659–60 (9th Cir. 1975) (reversing finding based on Federal Rule not asserted below).

The judgment of dismissal is AFFIRMED.