28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy FLORES, Plaintiff-Appellant,
v.
FONOVISA, INC.; Guillermo Santiso; Univisa; Emilio Diaz
Barroso, Defendants-Appellees.
 No. 93-55042.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided July 13, 1994.
 
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Flores appeals the district court's sua sponte dismissal of his antitrust, copyright, and trademark action. Because the court erred by not providing Flores with notice and an opportunity to respond, we reverse and remand.
 
 I.
 
 3
 Although Flores' notice of appeal failed to comply with Federal Rule of Appellate Procedure 3(c) because it did not "name the court to which the appeal is taken," we have jurisdiction because the notice "is the functional equivalent of what the rule requires." Smith v. Barry, 112 S.Ct. 678, 682 (1992) (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)), see, e.g., Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 617-18 (9th Cir.1993). Flores' notice specifically identified the judgment he sought to appeal, the court that entered that judgment, and the judge that rendered the decision. Moreover, the district court transmitted the notice to the Ninth Circuit clerk. As a result, the document clearly "provide[d] sufficient notice to other parties and the courts" of Flores' intent to appeal. Smith, 112 S.Ct. at 682.
 
 II.
 
 4
 The district court, acting sua sponte, dismissed Flores' case without notice or opportunity to be heard. "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim. The court[, however,] must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the plaintiffs cannot possibly win relief." Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988) (quotations and citations omitted); see, e.g., Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir.1981).
 
 
 5
 Construing allegations of fact in the light most favorble to Flores, e.g., Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.1994), we think the complaint stated claims on which Flores could "possibly win relief." Thus, the district court erred by dismissing the case without giving Flores notice and an opportunity to respond.
 
 
 6
 REVERSED and REMANDED. Motion to Strike DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3