**Emanuel McCRAY, Plaintiff–Appellant,**

**and**

**Lynn Ann Hust, Plaintiff,**

**v.**

**A. Joe HAGEMAN, City Council Member, Laramie, Wyoming; et al., Defendants–Appellees.**

No. 06–56279.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

Emanuel McCray, San Diego, CA, pro se.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Emanuel McCray appeals pro se from the district court's order dismissing his action. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal for failure to state a claim de novo. *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 619 (9th Cir.2004). We may affirm on any basis supported by the record. *United States v. State of Wash.,* 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court did not err when it sua sponte dismissed McCray's action.

See *Wong v. Bell,* 642 F.2d 359, 361–62 (9th Cir.1981) (district court has authority under Rule 12(b)(6) to dismiss sua sponte for failure to state a claim). McCray does not have standing to bring this action because he does not claim to have suffered any "injury in fact" or any personal or individualized harm, see *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (setting forth constitutional standing requirements), and as a non-lawyer, he may not bring an action on behalf of another party, see *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir.1997) ("a non-lawyer has no authority to appear as an attorney for others than himself.") (internal citation and quotations omitted).

Since McCray does not have standing, amendment of the complaint would be futile. *See United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir.2001).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.