**Piero A. BUGONI, Plaintiff–Appellant,**

v.

**Nora GREER; et al., Defendants–Appellees.**

**No. 06–17338.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Piero A. Bugoni, Boca Raton, FL, pro se.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Piero A. Bugoni, a former Arizona state prisoner, appeals pro se from the district court's judgment dismissing for failure to state a claim his action under 42 U.S.C. § 1983 alleging constitutional violations against public defenders appointed to represent him and mental health professionals appointed to diagnose and treat him in criminal actions brought against him in state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint for failure to state a claim. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir.2004). We may affirm on any basis supported by the record even if the district court did not rely on that basis. *See United States v. State of Wash.*, 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court did not err when it dismissed Bugoni's action. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981) (district court has authority under Fed. R.Civ.P. 12(b)(6) to dismiss sua sponte for failure to state a claim). The public defenders did not act under color of state law when they represented Bugoni, *see Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir.2003) (en banc) (public defender representing client in lawyer's traditional adversarial role is not a state actor), and Bugoni has not alleged facts to support a conclusion that the mental health professionals' decisions were a substantial departure from accepted professional judgment, practice or standards, *see Youngberg v. Romeo*, 457 U.S. 307, 323, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (decisions of mental health care professionals are "presumptively valid"); *see also Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992) (plaintiff must prove that the mental health professional's decision reflected a conscious indifference amounting to gross negligence).

The district court did not abuse its discretion in denying Bugoni's motion for reconsideration because Bugoni failed to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

demonstrate grounds warranting relief from the order dismissing his claims against the public defenders. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.