**Amalia KESSLER; et al.,**
**Plaintiffs–Appellants,**

**v.**

**NICKLESS AND PHILLIPS P.C.,**
**Defendant–Appellee.**

**No. 07–55527.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Amalia Kessler, Santa Monica, CA, pro se.

Sam Abbas, Santa Monica, CA, for Plaintiffs–Appellants

Nickless and Phillip PC, Fitchburg, MA, for Defendant–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Amalia Kessler and Sam Abbas appeal pro se from the district court's judgment dismissing their diversity action alleging various tort law claims arising from an adversary proceeding in bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994)

---

* The panel unanimously finds this case suitable for decision without oral argument, and accordingly denies Appellants' request. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(per curiam), and may affirm on any basis supported by the record, *Wong v. Bell,* 642 F.2d 359, 361–62 (9th Cir.1981). We affirm.

Appellant Abbas notified the court that appellant Kessler is deceased, and moves to be substituted as Kessler's successor in interest. We grant the unopposed motion. *See* Fed.R.Civ.P. 25(a)(1).

We dismiss Abbas as an independent party for lack of standing, because he has not alleged an invasion of his legally protected interests. *See Angelucci v. Century Supper Club,* 41 Cal.4th 160, 175, 59 Cal. Rptr.3d 142, 158 P.3d 718 (2007); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The action was properly dismissed because it was filed in direct violation of the automatic stay, and Appellants violated the bankruptcy court's order directing them to dismiss the action. *See* 11 U.S.C. § 362(a)(3) (providing that the filing of a bankruptcy petition stays any act to obtain possession or exercise control over property of the estate); *see also Wong,* 642 F.2d at 361–62 (explaining that a district court has authority under Fed.R.Civ.P. 12(b)(6) to dismiss sua sponte for failure to state a claim).

Appellants' remaining contentions are unpersuasive.

The Motion to Substitute is granted; all remaining motions are denied.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.