NOT FOR PUBLICATION

FILED

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50227 |
| Plaintiff - Appellant, | D.C. No. 2:13-cr-00751-R-2 |
| v. | |
| RENE FLORES, Reg # 66708-112; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50356 |
| Plaintiff - Appellant, | D.C. No. 2:13-cr-00751-R-1 |
| v. | |
| JOE ROBERTS, Reg # 66711-112, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 5, 2016[]
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,[***] District Judge.

The United States appeals the district court order dismissing indictments against Rene Flores, Randy Garmon, Arturo Cortez, and Joe Roberts ("Defendants") on the basis of outrageous government conduct. Defendants were arrested as the result of a reverse-sting operation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in which Defendants conspired to rob a fictional cocaine stash house. We reverse and remand to a different district court judge.

1.      The district court erred by *sua sponte* dismissing the indictments against Defendants on the basis of outrageous government conduct without first notifying the parties of its concerns and permitting them an opportunity to submit a written memorandum on the issue. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). However, the district court's error was harmless, because it requested

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

additional briefing on two occasions. Each time, the parties voluntarily addressed outrageous government conduct in their briefing.

2. The district court erred by concluding that the government's conduct met the "extremely high standard" necessary to dismiss an indictment for outrageous government conduct. *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Garza–Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)). We continue to question the wisdom of permitting expanded use of these types of reverse-sting operations. However, we are bound by prior decisions holding that factually indistinguishable reverse-sting operations were permissible. *See id.* at 304–10; *United States v. Williams*, 547 F.3d 1187, 1201 (9th Cir. 2008).

The government's conduct here is not more outrageous than what we found acceptable in *Black*. As in *Black*, the government used a confidential informant to identify individuals who would be interested in committing a stash house robbery. The confidential informant pitched the idea to Roberts after Roberts mentioned he had spent time in prison, thus "set[ting] the bait." *Black*, 733 F.3d at 306. Roberts took the bait and compiled a crew "without further inducement by the government." *See id.* at 307 (emphasis omitted) (quoting *United States v. Bagnariol*, 665 F.2d 877, 882 (9th Cir. 1981) (per curiam)). Defendants "responded with enthusiasm," eagerly planning the details of the robbery based on

the fictional scenario crafted by the ATF agent. *See id.* Defendants were arrested in the possession of guns, a concussion grenade, gloves, and ski masks just moments before the robbery scheme was to be enacted.

3.      The district court erred by *sua sponte* vacating Roberts's guilty plea. A district court does not have discretion to vacate a guilty plea after the plea has been accepted by the court. *See United States v. Patterson*, 381 F.3d 859, 865 (9th Cir. 2004). Only Roberts could withdraw his guilty plea, and Roberts does not appear to have filed a formal motion requesting withdrawal. Even if Roberts had made such a motion, we would still find that the district court abused its discretion in granting withdrawal of the plea, in light of the district court's clear disregard for our controlling decision in *Black*. Thus, the guilty plea stands.

4.      Remand to a different district court judge is proper when, as here, the district court judge cannot "be expected to follow this court's dictates" and "reassignment is advisable to maintain the appearance of justice." *United States v. Kyle*, 734 F.3d 956, 966–67 (9th Cir. 2013) (quoting *United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2006)). From the beginning, the district court judge expressed strong opinions regarding the government's conduct in this case, including accusing the government of fabricating evidence without any evidence in the record to support

that accusation. Further, he pointedly disregarded the majority opinion in *Black*.

Thus, reassignment is warranted.

**REVERSED and REMANDED** with instructions to reassign to a different

district court judge.