**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE EVAN BAKER, | No. 13-56454 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-03996-SVW-AJW |
| v. | |
| LORETTA E. LYNCH, Attorney General; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 7, 2016
Pasadena, California

Before: TROTT, OWENS, and FRIEDLAND, Circuit Judges.

Eugene Baker alleged in his first amended complaint that 18 U.S.C.

§ 922(g)(9) violates his Second and Fourteenth Amendment rights. That federal

statute prohibits anyone convicted of a misdemeanor crime of domestic violence

from owning a firearm. Baker appeals the district court's order dismissing his case

with prejudice. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

As a preliminary matter, the district court did not err by construing the parties' status briefs as a motion to dismiss and opposition. A district court may dismiss a complaint on its own initiative and motion as long as the plaintiff receives notice and an opportunity to respond in at least a written filing. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). Here, Defendants asked the district court to construe their briefing as a motion to dismiss, and the district court gave notice of its intent to do so. Baker also had an opportunity to submit a written opposition. He has not identified any argument he was unable to make or any other prejudice he suffered as a result of the procedures the district court followed.

Turning to the merits of Baker's claims, we review the district court's decision de novo. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012) (reviewing de novo dismissal under Federal Rule of Civil Procedure 12(b)(6)); *United States v. Chovan*, 735 F.3d 1127, 1131 (9th Cir. 2013) (reviewing de novo the constitutionality of 18 U.S.C. § 922(g)(9)).

First, the district court correctly dismissed Baker's Second Amendment claim. In *United States v. Chovan*, we upheld § 922(g)(9) against both facial and as-applied challenges under intermediate scrutiny. 735 F.3d at 1139–42. Baker's

allegations are not meaningfully different from those before us in that case. *See id.* at 1130–31, 1141–42.

Second, the district court did not err by dismissing Baker's equal protection claim. Because Baker does not belong to a protected class, and because the right he identifies is protected by a separate constitutional provision, § 922(g)(9) may be upheld if it is rationally related to a legitimate government purpose. *See, e.g., Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc). Congress rationally attempted to prevent domestic gun violence by categorically prohibiting those convicted of certain domestic abuse crimes from buying guns. *Cf. Chovan*, 735 F.3d at 1139–42.

The district court dismissed Baker's first amended complaint with prejudice. A district court's decision not to allow an amendment is reviewed for an abuse of discretion. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). Normally amendments should be allowed freely when a viable case may be presented, but if previous amendments have foundered or if amendment otherwise appears futile, dismissal without leave to amend may be appropriate. *Cafasso, U.S.* ex rel. *v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). In neither his briefing nor his counsel's oral argument could Baker identify

3

factual allegations that would meaningfully differentiate his case from unsuccessful as-applied challenges to § 922(g)(9). *See, e.g.*, *Chovan*, 735 F.3d at 1142. Amendment therefore would be futile.

The district court's order is **AFFIRMED**.