NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAYARDO RENO SANDY, | No. 15-15090 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01100-JCM-CWH |
| v. | |
| BANK OF AMERICA CORPORATION; et al., | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Bayardo Reno Sandy appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of pre-foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal Rule of Civil Procedure

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Sandy's quiet title claim because Sandy failed to allege facts sufficient to state a plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."). The district court properly determined that "harassment" and "bankruptcy fraud" were not cognizable civil causes of action. We reject as unsupported by the record Sandy's contention that the district court failed to address his Home Affordable Modification Program and conspiracy claims against all relevant defendants.

Contrary to Sandy's contention, the district court properly dismissed his claims against several non-appearing defendants because Sandy had notice of the potential dismissal of his complaint and filed an opposition to dismissal, and Sandy could not possibly obtain relief. *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (explaining that as long as plaintiff receives notice and an opportunity to oppose dismissal, "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim"); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("[T]he

2

plaintiffs could not possibly win relief and [therefore] the dismissal was appropriate even though it was on the court's own motion."). We reject as unsupported by the record Sandy's contention that the judge exhibited bias against him.

The district court did not abuse its discretion in denying Sandy's requests for default judgment because several defendants appeared and filed a successful motion to dismiss, which established the insufficiency of Sandy's complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors for determining whether to enter default judgment).

The district court properly granted defendants' request for judicial notice of publicly recorded documents. *See* Federal Rule of Evidence 201(b)(2); ); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sandy's motion to quash the answering brief and certificate of service, filed on December 28, 2015, is denied.

**AFFIRMED.**