**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YI TAI SHAO, AKA Linda Yi Tai Shao, | No.    22-15857 |
| Plaintiff-Appellant, | D.C. No.<br>2:22-cv-00325-JAM-AC |
| v. | |
| JOHN G. ROBERTS, Jr.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 2, 2024[**]
San Francisco, California

Before:  HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[***] District
Judge.

In this pro se action, Yi Tai Shao, a lawyer under suspension by the California

State Bar, alleges that her suspension resulted from "wide-spread fraud and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Brian M. Morris, United States Chief District Judge
for the District of Montana, sitting by designation.

conspiracy" involving "various state and federal courts, nonprofit organizations, and private attorneys." Accepting the report and recommendation of a magistrate judge, the district court dismissed the complaint under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Shao timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Contrary to her assertions, Shao's consent was not required for the magistrate judge to issue a non-dispositive report and recommendation. *See* 28 U.S.C. §§ 636(b)(1)(B) (district court judge may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition"), 636(c)(1) (magistrate judge may "order the entry of judgment in the case" only "[u]pon the consent of the parties").

2. The district judge did not err in declining to recuse himself because of his alleged membership in a professional organization in which some of the defendants were also allegedly members. *See Denardo v. Mun. of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association.").

3. The absence of a motion to dismiss filed by the defendants does not require reversal. "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359,

2

361 (9th Cir. 1981). After the magistrate judge notified Shao that she intended to recommend sua sponte dismissal, Shao was given the opportunity to respond, *see id.* at 362, and the magistrate judge then considered and rejected her arguments. The district court considered Shao's objections to the magistrate judge's report and recommendation, before dismissing the complaint.

4. Shao's conclusory allegations of fraud and conspiracy did not warrant a change of venue. *See Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (rejecting request to transfer case when pro se litigant sued every circuit judge because holding otherwise would allow "plaintiffs to impede the administration of justice by suing wholesale all the judges in a district or circuit until their case is transferred").

5. The district court did not err in declining to apply the "extrinsic fraud" exception to the *Rooker-Feldman* doctrine. That exception only applies when an adverse party engages in fraud. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud."). We agree with the magistrate judge that "[t]he fact that plaintiff has named state court judges [who rejected her arguments] as defendants in her federal complaint does not transform them into 'adverse parties' within the meaning of the extrinsic fraud exception."

3

**AFFIRMED.**[1]

---

[1]    We **DENY** Shao's motions for leave to amend the complaint, **Dkt. 88**; for summary reversal, **Dkt. 72, 77, 88, 97**; to disqualify the panel, **Dkt. 72, 77, 87, 88, 95, 97**; to change venue, **Dkt. 72, 77, 87, 88, 95, 97**; to stay the appeal, **Dkt. 72, 77, 87, 97**; and to reconsider past rulings, **Dkt. 105.**