In re Steven J. STANWYCK, Debtor.

Steven J. Stanwyck, Plaintiff,

v.

Judy L. Bogen, et al., Defendants.

Bankruptcy No. 2:07–bk–19183–PC.
Adversary No. 2:10–ap–02982–PC.

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

May 20, 2011.

Steven J. Stanwyck, Santa Monica, CA, pro se.

**186**

Andrew A. Goodman, Goodman Faith LLP, Woodland Hills, CA, Susan S. Baker, Nemecek & Cole, Sherman Oaks, CA, Martin K. Deniston, Wilson, Elser, Moskowitz, Leslie S. Gold, Gershuni & Katz A Law Corporation, Edith R. Matthai, John M. Rygh, Los Angeles, CA, Jonathan B. Cole, Nemecek & Cole, Sherman Oaks, CA, Lori S. Ross, Redondo Beach, CA, for Defendants.

James H. Banks, pro se.

John O. Kent, pro se.

Michael Ciapciak, pro se.

Joan Pall, pro se.

Marci Merliss, pro se.

William I. Friedman, pro se.

Edward D. Jones & Co., pro se.

Robert Ciapciak, pro se.

Keesal, Young & Logan, Long Beach, CA, pro se.

Michael Gless, Long Beach, CA, pro se.

KMK Capital Corporation, pro se.

Jeffrey Kirchner, pro se.

Joanne Meepos, pro se.

Leslie S. Klinger, Los Angeles, CA, pro se.

Brickwall Financial Partnership, pro se.

## MEMORANDUM DECISION

PETER H. CARROLL, Bankruptcy Judge.

Before the court are various motions interposed by Defendants, Judy L. Bogen, et al., (sometimes collectively, referred to as the "Defendants") in response to the complaint filed by Plaintiff, Steven J. Stanwyck ("Stanwyck")[1] in the above referenced adversary proceeding[2]. Appearances were stated on the record at the

1. Stanwyck, an attorney, was admitted to the practice of law in California on January 7, 1971. Since February 13, 2010, Stanwyck has been enrolled involuntarily as an inactive member of the State Bar of California pending action on a recommendation to the Supreme Court of California that he be disbarred from the practice of law in the State of California.

2. Based upon the findings of fact and conclusions of law contained in this Memorandum Decision, the court adjudicates the following pending motions:

1. Motion for Dismissal of Complaint Under F.R.B.P. 7012 and F.R.Civ.P. 12(B) filed by Defendant, Edward M. Ross on November 18, 2010;
2. Motion to Dismiss Complaint as to the Following Claims: Violation of Automatic Stay, Injunctions and Account filed by Defendants, Hersh, Mannis & Bogen, et al., on November 30, 2010.
3. Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by Defendants, Joan Ciapciak Stanwyck, Joan Stanwyck Family 2000 Trust; and Joan Stanwyck Family 2002 Trust on December 7, 2010;

4. Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by Kirsten Jane Stanwyck; Kirsten Jane Stanwyck Living Trust; and Logan and Blue, Inc. on December 6, 2010;
5. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed by Defendants, Isabel R. Cohen, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, and Jeffrey Zabner on December 7, 2010;
6. Motion to Require Security; To Prohibit Filing of New Litigation; For Security and Control; and To Deem Steven Stanwyck a Vexatious Litigant filed by Defendants, Isabel R. Cohen, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, and Jeffrey Zabner on December 7, 2010;
7. Motion of Defendants, Dennis N. Brager, John O. Kent and Brager Tax Law Group (1) To Require More Definite Statement in Complaint; and (2) For an Order Declaring Plaintiffs to be Vexatious Litigants filed on December 10, 2010; and
8. Motion of Defendants, Stephen M. Lachs and ADR Services, Inc.: (1) To

hearing. The court, having considered the Defendants' motions, Stanwyck's opposition thereto, the Defendants' replies, and the argument of counsel grants the relief requested in the motions based upon the following findings of fact and conclusions of law [3] pursuant to F.R.Civ.P. 52(a)(1),[4] as incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

## I. STATEMENT OF FACTS

### A. Stanwyck's First Bankruptcy Case.

On March 20, 1992, Stanwyck filed a voluntary petition under chapter 11 in Case No. 2:92–bk–22475–SB, In re Steven J. Stanwyck, Debtor, in the United States Bankruptcy Court, Central District of California, Los Angeles Division. On August 5, 1992, the case was converted to a case under chapter 7 and David R. Haberbush ("Haberbush") administered the estate as trustee. Stanwyck received a discharge on June 28, 2002. After a final distribution on account of allowed claims, Haberbush was discharged as trustee and the case was closed on July 17, 2002.

### B. Stanwyck's Second Bankruptcy Case.

While his first case was pending, Stanwyck filed a second voluntary petition under chapter 11 in Case No. 2:02–bk–25398–SB, styled In re Steven Jay Stanwyck, Debtor, in the United States Bankruptcy Court, Central District of California, Los Angeles Division, on May 28, 2002. On May 31, 2002, Stanwyck filed a motion seeking conversion of the case to a case under chapter 7. An order converting the case to chapter 7 was entered on June 10, 2002, and Alberta Stahl ("Stahl") was appointed trustee. Stahl investigated Stanwyck's financial affairs and liquidated the assets of the estate. On January 14, 2003, Stahl filed a complaint in Adversary No. 2:03–ap–01040–SB, Stahl v. Stanwyck, objecting to Stanwyck's discharge. On September 22, 2003, a judgment was entered in such adversary proceeding denying Stanwyck's discharge pursuant to §§ 727(a)(2)(A), (a)(4), and (a)(5). On October 19, 2006, Stahl filed her final account as trustee. On May 13, 2008, an order was entered discharging Stahl as trustee, exonerating her bond, and closing the case.

### C. Stanwyck's Third Bankruptcy Case.

While his second case was pending, Stanwyck filed a third voluntary chapter 11 petition in Case No. 2:07–bk–19183–SB,

---

Require More Definite Statement in Complaint; and (2) For An Order Declaring Plaintiffs to Be Vexatious Litigants filed on January 4, 2011.

Stanwyck's Evidentiary Objections Accompanying Opposition to Motion to Dismiss & Vexatious Litigant Motions of Defendants: Stephen M. Lachs; ADR Services, Inc.; Isabel R. Cohen; Dennis Brager; John O. Kent; Brager Tax Law Group; Steven E. Young; Freeman, Freeman & Smiley; Jared A. Barry; Edward M. Ross & Jeffrey Zabner are overruled. Stanwyck's LBR 9013–1(i)(2) Evidentiary Objections filed on January 31, 2011 are overruled as untimely.

**3.** To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

**4.** Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R. Civ.P."). "L.R." references are to the Local Rules of the United States District Court for the Central District of California. "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

188

styled *In re Steven Jay Stanwyck, Debtor*, in the United States Bankruptcy Court, Central District of California, Los Angeles Division, on October 12, 2007. On April 2, 2008, Lucent Technologies, Inc., AT & T Corporation, and NCR Corporation filed a motion seeking dismissal or, alternatively, conversion of the case to a case under chapter 7 for cause pursuant to § 1112(b). The motion was joined by other creditors and parties in interest. On July 29, 2008, an order was entered converting the case to a case under chapter 7. After a series of interim trustee appointments and resignations, Jerry Namba ("Namba") ultimately was appointed trustee on August 19, 2008.

During the two and one-half years this case has been pending,[5] Stanwyck has commenced five adversary proceedings— four of which have alleged willful violations of the automatic stay and sought damages under § 362(k). Stanwyck commenced this adversary proceeding on November 2, 2010, by the filing of a 74–page document captioned: "Complaint For: Claim One: Complaint For Damages For Violation of the Automatic Stay 11 USC 362, Injunctions & Accounting[;] Demand for Jury Trial 28 USC 157(e)" ("Complaint"). In his Complaint, Stanwyck seeks "injunctive relief, damages, fees and costs under 11 USC § 362(k)(1)."[6] By virtue of his overlapping bankruptcy cases, Stanwyck has had the benefit of the automatic stay since

1992. In his Complaint, Stanwyck alleges that each of the named Defendants violated the automatic stay that was in effect at one time or another in one or more of his three bankruptcy cases during the past 19 years. Stanwyck further alleges that the 37 named Defendants engaged in a conspiracy and acted in concert with one another to violate the automatic stay in one or more of his bankruptcy cases. Stanwyck reasons that the Defendants should be jointly and severally liable for the damages he seeks under § 362(k) "[b]ecause of their concerted conduct ... [and] knowledge of the purposes of the conspiracy to deprive Plaintiff Steven Stanwyck of his property."[7] Stanwyck seeks a judgment against the Defendants, jointly and severally, in the following amounts: $8 million actual damages; $10 million for emotional distress; and $36 million punitive damages, together with injunctive and other relief.[8] Stanwyck also seeks a separate award of special damages as to each of the 37 Defendants. Stanwyck's claims for special damages total an *additional* $16,397,770,000.[9]

In response to Stanwyck's Complaint, Defendants, Judy L. Bogen, Neal Hersh, Joseph Mannis, Hersh, Mannis & Bogen, Edward M. Ross, Isabel R. Cohen, Steven E. Young, Jared A. Barry, Jeffrey Zabner, Freeman, Freeman & Smiley, Joan Ciapciak Stanwyck, Joan Stanwyck Family 2000

---

5. On August 23, 2010, this case was reassigned from Judge Samuel L. Bufford to Judge Peter H. Carroll pursuant to Administrative Order 10–09 dated August 11, 2010.

6. Complaint, 2:2.

7. *Id.*, 22:9–11. However, Stanwyck admits that Defendant, Joan Stanwyck obtained relief from the stay in this case effective November 27, 2007 to permit her to proceed in Case No. BD317414, *In re Marriage of Stanwyck, Joan and Steven*, in the Superior Court of California, County of Los Angeles. *Id.*, 5:12–16.

The court takes judicial notice of the Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Non-bankruptcy Forum) entered on November 29, 2007. Stanwyck also admits that Defendant, Hersh, Mannis & Bogen was the law firm that represented Defendant, Joan Stanwyck in the state court action and that Defendants, Judy L. Bogen, Neal Hersh, and Joseph Mannis are partners in the firm. *Id.*, 11:1–3.

8. *Id.*, 23:19–25:11.

9. *Id.*, 23:24–24:23.

Trust, Joan Stanwyck Family 2002 Trust, Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, and Logan & Blue, Inc. filed motions seeking dismissal of the Complaint under Rule 12(b)(6) for Stanwyck's failure to state a claim upon which relief can be granted. Defendants, Stephen M. Lachs, ADR Services, Inc., Dennis N. Brager, John O. Kent, and Brager Tax Law Group filed motions seeking a more definite statement pursuant to Rule 12(e). Defendants, Stephen M. Lachs, ADR Services, Inc., Isabel R. Cohen, Steven E. Young, Jared A. Barry, Jeffrey Zabner, and Freeman, Freeman & Smiley also seek an order declaring Stanwyck a vexatious litigant.

Defendants' motions were filed between November 18, 2010 and January 4, 2011, and originally set for hearing on December 21, 2010, January 4, 2011, or January 18, 2011.[10] To permit Stanwyck to recover from hand surgery and respond to the motions, the court continued and consolidated the Defendants' motions for hearing to February 1, 2011. Stanwyck filed a written response in opposition to each of the motions. After a hearing on February 1, 2011, the court took the Defendants' motions under submission.

## II. *JURISDICTION & VENUE*

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding in that (1) Stanwyck's Complaint seeks damages under § 362(k) for alleged violations of the automatic stay, which is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O); and (2) Stanwyck's Complaint requires the court to enter an appropriate order to prevent vexatious litigation and an abuse of process.

11 U.S.C. § 105(a); 28 U.S.C. § 1651. Venue is appropriate in this court. 28 U.S.C. § 1409(a).

## III. *MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM, AND/OR FOR A MORE DEFINITE STATEMENT*

### A. *Standard for Dismissal Under Rule 12(b)(6).*

Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).[11] Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2).[12] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions as true.

---

10. *See supra,* footnote # 2.

11. Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

12. Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

*Iqbal,* 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

*Twombly* raised the bar for notice pleadings under Rule 8(a) such that a complaint will not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,' and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955; *see Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 802–03 (7th Cir. 2008) (stating that *Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

Ordinarily, a Rule 12(b)(6) motion cannot be used to raise an affirmative defense. *See Xechem, Inc. v. Bristol–Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004) ("Complaints need not contain *any* information about defenses and may not be dismissed for that omission."). However, it is proper to dismiss pursuant to Rule 12(b)(6) when the plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. *See, e.g., Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 613 (6th Cir.

2009) ("[T]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law."); *Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 n. 1 (9th Cir.1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes identical facts."); *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3rd Cir.1994) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense like the statute of limitations appears on its face."). Accordingly, a complaint fails to state a claim when the facts and dates alleged in the complaint disclose that the causes of action are time-barred. *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980). Likewise, where the lawsuit is brought against defendants who have statutory or common law immunities, the complaint may be dismissed under Rule 12(b)(6) if the defense is disclosed on the face of the complaint. *See United States v. Gaubert,* 499 U.S. 315, 324–25, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *McKenna v. Wright,* 386 F.3d 432, 436 (2nd Cir.2004); *Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir.2001).

Although the focus under Rule 12(b)(6) is the substance of the complaint, the court may consider a matter that is properly the subject of judicial notice along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *accord Banco Santander de Puerto Rico v. Lopez–Stubbe (In re Colonial Mortg. Bankers Corp.),* 324 F.3d 12, 19 (1st Cir.2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such matters does not convert a motion to dis-

miss into a motion for summary judgment."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) ("Despite the express language of Fed.R.Civ.P. 12(b), we recently held that '[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment.'" (citation omitted)).

## B. *Rule 12(e).*

Rule 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

F.R.Civ.P. 12(e).[13] Rule 12(e) is "designed to correct unintelligibility." 1 MOORES MANUAL: FEDERAL PRACTICE & PROCEDURE § 11.27[1], at 11–35 (2010). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir.1996). Notwithstanding the filing of a motion under Rule 12(e), a trial court may in appropriate circumstances dismiss a claim *sua sponte* under Rule 12(b)(6). *See Omar v. Sea–Land*

*Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.* (citing *Wong*, 642 F.2d at 362); *see Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir.1993); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir.1984).

## C. *The Automatic Stay.*

Section 362(a) imposes a broad stay upon the filing of a bankruptcy petition against any act, judicial or otherwise, to collect a prepetition debt, enforce a lien, or exercise control over property of the debtor or the estate. *See* 11 U.S.C. § 362(a). Section 362(a) gives "the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." *McCarthy, Johnson & Miller, Inc. v. North Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1077 (9th Cir. 2000); *see Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir.1995) ("Section 362(a) has two broad purpose. First, it provides debtors with protection from hungry creditors.... Second, the stay assures creditors that the debtor's other creditors are not racing to the various courthouses to pursue independent remedies to drain the debtor's assets....").

Section 362(k) permits an individual injured by a willful violation of the automatic stay to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, ... punitive damages." [14] A stay violation is willful "if

---

13. Rule 12(e) is applicable to adversary proceedings by virtue of FRBP 7012(b).

14. Section 362(k) states:

> (1) Except as provided by paragraph (2), an individual injured by any willful violation of a stay provided in this section shall recover

a party knew of the automatic stay, and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1215 (9th Cir.2002); *see Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir.1992). No specific intent is necessary, and a creditor's good faith belief that the stay was not being violated is not relevant to the issue of willfulness. *Morris v. Peralta (In re Peralta),* 317 B.R. 381, 389 (9th Cir. BAP 2004). In appropriate circumstances, the actual damages that may be recovered under § 362(k) may include damages for emotional distress that resulted specifically from a willful violation of the stay. *Dawson v. Washington Mutual Bank (In re Dawson),* 390 F.3d 1139, 1148 (9th Cir. 2004), *cert. denied,* 546 U.S. 927, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005).

D. *Bankruptcy Court Has Subject Matter Jurisdiction of a Claim Under § 362(k) Notwithstanding a Dismissal or Closure of the Case in Which the Claim Arose.*

■■■ Bankruptcy courts have subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Damage claims predicated upon § 362(k) arise under title 11 and fall squarely within the bankruptcy court's subject matter jurisdiction. *Davis v. Courington (In re Davis),* 177 B.R. 907, 912 (9th Cir. BAP 1995). Bankruptcy courts retain jurisdiction to adjudicate claims arising under § 362(k) notwithstanding a dismissal or closing of the bankruptcy case. *See, e.g., Johnson v. Smith*

*(In re Johnson),* 575 F.3d 1079, 1084 (10th Cir.2009) ("The great weight of case authority supports our conclusion that a § 362(k)(1) proceeding remains viable after termination of the underlying bankruptcy case."); *Aheong v. Mellon Mortgage Co. (In re Aheong),* 276 B.R. 233, 244 (9th Cir. BAP 2002) ("[W]e have held that after dismissal of a bankruptcy case the bankruptcy court retains jurisdiction over an action for damages for willful violation of the automatic stay."); *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez),* 227 B.R. 174, 179 (9th Cir. BAP 1998), *aff'd,* 208 F.3d 220 (9th Cir.2000).

■■■ "Arising under" jurisdiction does not hinge "on the present existence of an open case or a non-dismissed case," but "depends solely on the existence of 'civil proceedings arising under title 11.'" *Aheong,* 276 B.R. at 244; *see Menk v. LaPaglia (In re Menk),* 241 B.R. 896, 904 (9th Cir. BAP 1999) ("[S]ubject-matter jurisdiction is conferred by the 'arising under' clause of § 1334(b), as it is a cause of action created by the Bankruptcy Code, without existence outside the context of bankruptcy, and otherwise unknown to the law" and "the action [can] be commenced after the bankruptcy case has been closed"). Hence, an adversary proceeding may be commenced in bankruptcy court years after the related bankruptcy case has been administered and closed without reopening the case. *See Staffer v. Predovich (In re Staffer),* 306 F.3d 967, 972 (9th Cir.2002) ("[A] separate motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt under § 523(a)(3)(B)."); *Menk,* 241 B.R. at 906

actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this sub-

section against such entity shall be limited to actual damages.
11 U.S.C. § 362(k). Section 362(k), which was enacted as § 362(h) in 1984, was redesignated § 362(k) by amendment in 2005. *See infra,* footnotes # 15 & 16.

("[T]here is no jurisdictional requirement that a closed bankruptcy case be reopened before 'arising under' jurisdiction can be exercised to determine whether a particular debt is excepted from discharge."). Because this court has post-closing jurisdiction over any claim arising under § 362(k), the court rejects the Defendants' assertion that Stanwyck was required to reopen his prior bankruptcy cases to assert § 362(k) claims that may have accrued in one or more of those cases since 1992. This court has "the power to compensate victims of violations of the automatic stay and punish the violators, even after the conclusion of the underlying bankruptcy case." *Johnson,* 575 F.3d at 1083.

E. *There is No Limitations Period on A Claim Under § 362(k).*

■■■■■■ Congress did not establish any limitations period for damage claims under § 362(k). *In re Bernheim Litigation,* 290 B.R. 249, 258 (D.N.J.2003); *Koffman,* 182 B.R. at 124 ("Congress did not enact a statute of limitations on actions under section 362(h) . . . ."); *Nelson v. Post Falls Mazda (In re Nelson),* 159 B.R. 924, 925 (Bankr.D.Idaho 1993). Defendants, Edward M. Ross, Jeffrey Zabner, Steven E. Young, Jared A. Barry, and Freeman, Freeman & Smiley argue that the four-year statute of limitations provided in 28 U.S.C. § 1658 should apply to claims under § 362(k). Section 1658 of title 28, which was enacted in 1990, states:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a). In *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004), the Supreme Court opined that "[a]n amendment to an existing statute is no less an 'Act of Congress' than a new, stand-alone statute." *Id.* at 381, 124 S.Ct. 1836. It concluded, however, that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was *made possible* by a post–1990 enactment." *Id.* at 382, 124 S.Ct. 1836 (emphasis added); *see Baker v. Birmingham Board of Educ.,* 531 F.3d 1336, 1338 (11th Cir.2008) ("Baker's claims against the Board were 'made possible by a post–1990 enactment' and 'therefore [are] governed by § 1658's 4-year statute of limitations.' ").

Section 362(h) was enacted in 1984.[15] It was then amended and re-designated as § 362(k) in 2005.[16] Section 362(k)(2), which limits the damages that may be recovered if a creditor violates the stay in the good faith belief that the stay terminated under § 362(h), was added in 2005.[17] Stanwyck's claims are made possible by the 1984 enactment, not by any post–1990 amendment. Accordingly, Stanwyck's complaint cannot be dismissed for failure to state a claim due to the limitations period contained in 28 U.S.C. § 1658(a).

F. *Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Neal Hersh, Joseph Mannis, Judy Bogen, and Hersh, Mannis & Bogen.*

■■■■ Stanwyck's Complaint alleges the following with respect to Defendants, Neal

---

15. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 304 (1984). *See Bernheim Litigation,* 290 B.R. at 258 n. 5 ("Section 362(h) of Title 11 was enacted in 1984.").

16. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, § 441(1) (2005).

17. *Id.*

Hersh, Joseph Mannis, Judy Bogen, and the law firm of Hersh, Mannis & Bogen:

23A. Defendants Judy Bogen and her Beverly Hills family law firm Hersh, Mannis & Bogen (collectively "HMB"), in furtherance of the conspiracy to deprive Plaintiff Steven Stanwyck of his property rights, on June 26, 2007 and May 23, 2010 on behalf of Defendants Defendant Joan Stanwyck filed a false Declarations in the Family Law Action as to the status of Steven's bankruptcy case and the bankruptcy court's orders as to the Family Law Action.

23B. Defendant Bogen, as part of her vindictive and personal terror campaign even physically assaulted Plaintiff Steven Stanwyck when he was on the HMB premises causing damages to him of at least $1,000,000.[18]

Stanwyck's Complaint further alleges that:

41. Defendant Joan Stanwyck and her lawyers HMB have without relief from the automatic stay secured orders in the family law court and facilitated the movement of estate property to Defendants Joan and Defendant Kirsten Stanwyck of at least $5,000,000 and at least $300,000 in legal fees to themselves, all without seeking any orders from the Family Law court as to the ownership of such funds or right to fees.[19]

Stanwyck admits that (1) Defendant, Joan C. Stanwyck, his former spouse, obtained relief from the stay to proceed to judgment in the divorce proceeding pending with Stanwyck; (2) that Defendant, Hersh, Mannis & Bogen represented Defendant, Joan C. Stanwyck in the divorce action; and (3) that Defendants, Neal Hersh, Joseph Mannis, and Judy L. Bogen are partners in the firm.[20] Stanwyck does not identify specific facts from which the court can divine a plausible claim for damages under § 362(k) for willful violation of the automatic stay, particularly in light of the undisputed fact that Defendant, Joan C. Stanwyck obtained relief from the stay to continue prosecution of the divorce case effective November 27, 2007.[21] Stanwyck's naked assertion of an alleged assault by Defendant, Judy Bogen falls far short of stating a claim that is plausible on its face.[22] To the extent that Stanwyck's Complaint states that Defendant, Joan C. Stanwyck may have filed a false declaration in the "Family Law Action" and that Defendants, Joan C. Stanwyck and Defendant, Hersh, Mannis & Bogen may have obtained the payment of attorneys' fees "without seeking any orders from the Family Law court as to the ownership of such funds or right to fees," these are issues for the state court to decide, not this court. Because Stanwyck's Complaint does not contain sufficient factual matter, accepted as true, to state a claim under § 362(k) for willful violation of the automatic stay that is plausible on its face as to Defendants, Neal Hersh, Joseph Mannis, Judy Bogen, and the law firm of Hersh, Mannis & Bogen, the court finds that

---

18. Complaint, 6:14–22.

19. *Id.* at 11:5–9.

20. *Id.* at 11:1–3.

21. *See supra*, footnote # 7. While the declaration allegedly filed by Defendants, Judy Bogen and Hersh, Mannis & Bogen in the divorce action on June 26, 2007 predates the effective date of the order lifting the automatic stay, Stanwyck's Complaint is otherwise devoid of

"further factual enhancement" regarding his claim. *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955.

22. The court takes judicial notice of Stanwyck's Schedule B(21) filed on October 29, 2007, which fails to disclose any contingent or unliquidated claim on the petition date against Defendant, Judy Bogen, individually, for alleged assault.

Stanwyck's Complaint fails to state a claim as to said Defendants under § 362(k) upon which relief can be granted.

G. *Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Stephen M. Lachs, Isabel R. Cohen and Edward M. Ross.*

 Stanwyck's Complaint alleges the following with respect to Defendants, Stephen M. Lachs, Isabel R. Cohen and Edward M. Ross:

42. Defendant Stephen Lachs, Esq. is a "retired judge" who without leave of court by appropriate orders, and his firm Defendant ADR Services, Inc. were paid by Defendant Joan Stanwyck and HMB over $10,000 of bankruptcy estate funds.[23]

43. Defendant Isabel R., Esq. is a "retired judge" who without leave of any court by appropriate orders and who fabricated such an order was paid by Defendant Joan Stanwyck and HMB over $12,500 of bankruptcy estate funds.[24]

88. Defendant Edward M. Ross, Esq. is a "retired judge" who without leave of any court by appropriate orders and his firm Defendant ADR Services, Inc. were paid by Defendant Joan Stanwyck, Defendant Kirsten Stanwyck and FFS over $10,000 of bankruptcy estate funds.[25]

Judges are absolutely immune from liability for actions taken in the exercise of their judicial functions. *Curry v. Castillo (In re*

**23.** Complaint, 11:11–13.

**24.** *Id.,* 11:15–17.

**25.** *Id.,* 21:8–10.

**26.** Defendants, Isabel R. Cohen, Steven E. Young, Jared A. Barry, Jeffrey Zabner, and Freeman, Freeman & Smiley's Request for Judicial Notice, Exhibits A–D. Plaintiff Steven J. Stanwyck's LBR 9013–1(i)(2) Evidentiary Objections Accompanying Opposition to Motion to Dismiss and Vexatious Litigant Mo-

*Castillo),* 297 F.3d 940, 947 (9th Cir.2002). Absolute immunity is not reserved solely for judges, but extends to nonjudicial officers for "all claims relating to the exercise of judicial functions." *Burns v. Reed,* 500 U.S. 478, 499, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Whether a judge is immune from suit depends upon whether, at the time of the challenged action, he or she had jurisdiction over the subject matter of the issue presented for decision. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The scope of jurisdiction must be construed broadly, however, and a judge is entitled to immunity even if he or she acted in error, maliciously, or outside the scope of his or her authority. *Id.* Moreover, a judge is subject to liability only for action in the clear absence of all jurisdiction. *Id.* at 356–57, 98 S.Ct. 1099.

 Defendant, Isabel R. Cohen is absolutely immune from liability for the claims made the basis of Stanwyck's Complaint. The court takes judicial notice that Defendant, Isabel R. Cohen was appointed as a discovery referee in Case No. BD327414, *Stanwyck v. Stanwyck,* in the Superior Court of California, County of Los Angeles, on February 26, 2007, and that Stanwyck was jointly responsible with Defendant, Joan C. Stanwyck for payment of fees and expenses incurred by Defendant, Isabel R. Cohen as a discovery referee in the case.[26] Stanwyck admits in his

tions of Defendants, Stephen M. Lachs; ADR Services, Inc.; Isabel R. Cohen; Dennis Brager; John O. Kent; Brager Tax Law Group; Steven E. Young; Freeman, Freeman & Smiley; Jared A. Barry; Edward M. Ross & Jeffrey Zabner are overruled. As previously stated, a matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986).

response to Defendant, Isabel R. Cohen's motion to dismiss that his claim against her is predicated upon collection of a post-petition debt he was ordered to pay in connection with ongoing discovery disputes in his divorce case.[27] There is no allegation in Stanwyck's Complaint that Defendant, Isabel R. Cohen acted without jurisdiction.

Defendants, Stephen M. Lachs and Edward M. Ross may also be absolutely immune from liability for the claims made the basis of Stanwyck's Complaint. Defendant, Edward M. Ross asserts that he was also appointed by the state court in which Stanwyck's divorce action was pending to decide a discovery dispute between the parties in 2004, and that he conducted a hearing on the discovery dispute in the offices of Defendant, ADR Services, Inc.[28] There are no allegations in Stanwyck's Complaint that either Defendant, Stephen M. Lachs or Defendant, Edward M. Ross acted without jurisdiction. But facts forming the basis of an immunity defense for either Defendant, Stephen M. Lachs or Defendant, Edward M. Ross are not disclosed on the face of Stanwyck's Complaint nor in matters of public record for which the court has been requested to take judicial notice.

 Notwithstanding the foregoing, Stanwyck's Complaint as to Defendants, Stephen M. Lachs, Edward M. Ross and ADR Services, Inc. lacks essential factual foundation. *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. Stanwyck's Complaint is devoid of factual content that would permit the court to draw a reasonable inference that Defendants, Stephen M. Lachs,

Edward M. Ross, or ADR Services, Inc. obtained payment of a debt owing by Stanwyck in willful violation of § 362(a). Because Stanwyck's Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief under § 362(k) that is plausible on its face as to Defendant, Edward M. Ross, the court finds that Stanwyck's Complaint fails to state a claim as to said Defendant under § 362(k) for willful violation of the automatic stay upon which relief can be granted. Stanwyck's Complaint is so vague and ambiguous as to the claims asserted against Defendants, Stephen M. Lachs and ADR Services, Inc. that said Defendants cannot reasonably prepare a response absent a more definite statement.

H. *Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Kirsten J. Stanwyck, Kirsten Stanwyck Living Trust, Logan & Blue, Inc., Steven E. Young, Jared A. Barry, Freeman, Freeman & Smiley, and Jeffrey Zabner.*

 Stanwyck's Complaint alleges with respect to his daughter, Defendant, Kirsten J. Stanwyck, the following:

60. Defendant Kirsten Stanwyck on November 4, 2003 executed a fraudulent Trust Transfer Deed to the KJSLT on Malcolm Ave. which Trust Transfer Deed as a part of the scheme was not recorded until December 16, 2003, LACR 03-3788543. Defendant Kirsten Stanwyck on or about March 26, 2004 filed a lawsuit without relief from the bankruptcy automatic stay against

---

27. Stanwyck's Opposition to Motions to Dismiss, 8:10–16.

28. Stanwyck objections to the Declaration of Edward M. Ross in Support of Motion for Dismissal of Complaint Under F.R.B.P. 7012 and F.R.CIV.P. 12(B) are sustained. The

court also strikes Stanwyck's declaration in opposition to Defendant, Edward M. Ross' dismissal motion, together with the documentary evidence attached thereto as Exhibits A and B, which Stanwyck asks the court to consider in adjudicating the motion.

Plaintiff Steven Stanwyck in Los Angeles Superior Court, **SC 081 203** claiming that the lien of the UCC Financing Statement **Exhibit 5** was void, which claim was not granted, in which she also made false representations including that she was a full time resident of Malcolm Avenue and that her Trust was "Irrevocable." Defendant Kirsten Stanwyck by her conduct has caused damage to Plaintiff Steven Stanwyck of at least $1,700,000 the estimated fair market value of Malcolm Ave.[29]

Stanwyck reasserts the allegations against Defendant, Kirsten J. Stanwyck later in the complaint:

87. Defendant Kirsten Stanwyck and FFS on or about March 26, 2004 filed a lawsuit without relief from the bankruptcy automatic stay against Plaintiff Steven Stanwyck in Los Angeles Superior Court, **SC 081 203** in which she also made false representations including that she was a full time resident of Malcolm Avenue and that her Trust was "Irrevocable." [30]

Stanwyck's Complaint further alleges with respect to Defendants, Logan & Blue, Inc., Steven E. Young, Jared A. Barry, and Freeman, Freeman & Smiley that:

85. Defendant Logan & Blue, Inc. is a California Corporation believed to be wholly owned by Defendant Kirsten Stanwyck and used as a conduit to hide Steven's assets.

86. Defendants Steven E. Young, Esq. Jared A. Barry, Esq. and Freeman, Freeman & Smiley ("FFS") is the law firm which knowingly filed and prosecuted an action in Los Angeles Superior Court, **SC 081 203,** against Steven J. Stanwyck in April 2004 regarding the June 2003 Defendant Kirsten Stanwyck

purchase of Malcolm Ave. without relief from the automatic stay and received legal fees, property of the BK 2 estate, from Joan and Defendant Kirsten Stanwyck . . .

89. In case **SC 081 203** FFS falsely represented to the court that Defendant Kirsten Stanwyck did not reside at Malcolm Ave. and that KJSLT was an irrevocable trust.

90. Defendant Jeffrey Zabner, Esq. is a lawyer paid by Defendant Joan Stanwyck to prepare the shell KJSLT used to hide Steven's property including by holding title to Malcolm Drive. Defendant Zabner on or about November 4, 2003, paid by Defendant Joan Stanwyck, formed the sham Defendant Kirsten Stanwyck Living Trust with Defendant Joan Stanwyck as its successor Trustee and sole beneficiary.

91. Defendants Kirsten Jane Stanwyck; Defendant Kirsten Stanwyck Living Trust; Logan & Blue, Inc.; Steven E. Young; Freeman, Freeman & Smiley; Jared A. Barry, Edward M. Ross, Jeffrey Zabner by their conduct have damaged Plaintiff Steven J. Stanwyck in the amount of at least $1,700,000.[31]

None of the facts alleged in Stanwyck's Complaint against Defendants, Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, Jeffrey Zabner, and Logan & Blue, Inc. form the basis for a plausible claim for damages for a willful violation of the automatic stay. Stanwyck's conclusory allegation that Defendant, Logan & Blue, Inc. is a "conduit to hide Steven's assets" falls far short of stating a plausible claim for relief against said Defendant under § 362(k). Defen-

---

**29.** Complaint, 15:18–26.

**30.** *Id.,* 21:4–7

**31.** *Id.,* 20:22 to 21:21.

dant, Jeffrey Zabner is alleged to have formed a trust for Defendant, Kirsten Stanwyck and was paid to do so by Defendant, Joan C. Stanwyck. There are no facts that would permit the court to draw a reasonable inference that Defendants, Jeffrey Zabner, Kirsten Stanwyck, or Joan C. Stanwyck did so in willful violation of § 362(a).

Defendants, Jared A. Barry, Steven E. Young, and Freeman, Freeman & Smiley represented Defendant, Kirsten Stanwyck in an action filed under Case No. SC 081203, styled *Stanwyck, et al. v. Stanwyck, et al.*, in the Superior Court of California, County of Los Angeles, on or about March 26, 2004, to quiet title to the Malcolm Avenue property identified in Stanwyck's Complaint. Stanwyck removed the state court action to Case No. 2:04–cv–03238–DSF–FMO, in the United States District Court, Central District of California, Los Angeles Division, arguing in pertinent part, that the state court action was commenced in violation of the automatic stay. On June 11, 2004, the district court remanded the proceeding to the state court stating:

> A review of the underlying complaint reveals that the real property that is the subject of the litigation was acquired by Plaintiff Kirsten Stanwyck ("Ms. Stanwyck") in June 2003, and transferred to her living trust in November 2003.... Although Mr. Stanwyck had no interest

in his property, Plaintiffs allege he nonetheless issued a quitclaim deed from himself to an entity known as "Bedford Associates, LLC." ...

The bankruptcy action cited by Mr. Stanwyck as conferring federal jurisdiction was brought in May 2002, over a year before Ms. Stanwyck acquired the property in question and almost two years before she filed suit.... Assuming *arguendo* Mr. Stanwyck has standing to assert his rights under 11 U.S.C. § 362, the statute does not allow a stay of tortious post-petition conduct as alleged by Plaintiffs in the underlying state court action....

Since Mr. Stanwyck filed for bankruptcy over a year and a half before the present complaint was filed, he may not stay his case pursuant to 11 U.S.C. § 362 and therefore may not assert any rights provided by the statute.[32]

The district court, having previously determined that Defendant, Kirsten Stanwyck's commencement of the state court action did not violate the automatic stay and that Stanwyck "may not assert any rights provided by the statute," Stanwyck's Complaint against Defendants, Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, Steven E. Young, Jared A. Barry, and Freeman, Freeman & Smiley fails to state a claim under § 362(k) that is plausible on its face and will be dismissed as to said Defendants without leave to amend.[33]

---

**32.** Order entered in Case No. 2:04–cv–03238–DSF–FMO, styled *Stanwyck, et al. v. Stanwyck, et al.*, in the United States District Court, Central District of California, Los Angeles Division, on June 14, 2004, at Dk # 17.

**33.** Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amend-

ment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *U.S. v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001) (citation omitted); *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000)). Given the nature of the deficiencies in Stanwyck's claim against Defendants, Kirsten Jane Stanwyck, Kirsten Stanwyck Living

I. *Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group.*

■ With respect to the claims alleged against Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group, Stanwyck's Complaint is rambling, disorganized, and largely unintelligible. Stanwyck alleges that Defendant, Joan C. Stanwyck, with Defendant, Kirsten Stanwyck, "filed false First Amended Complaints to the State Bar of California, 05-0-04530 and 05-0-02890, respectively." [34] Stanwyck generally alleges that Defendant, Joan C. Stanwyck, with the assistance of Defendants, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group, violated the automatic stay by filing papers in Case No. 378435, *Steven J. Stanwyck v. Franchise Tax Board,* a case initiated by Stanwyck, in which Defendant, Joan C. Stanwyck asserted an "innocent spouse" defense. [35] Stanwyck also alleges that Defendant, Joan C. Stanwyck, with the assistance of Defendants, Leslie S. Klinger and/or James H. Banks: (1) failed to file certain tax returns from 2000 to 2006; [36] (2) refinanced certain indebtedness secured by the real property at 9734 Wendover Drive, Beverly Hills, CA, in 1999; [37] and (3) stole Stanwyck's identity by filing tax returns for Stoneridge Part-

nership. [38] Finally, Stanwyck alleges that Defendant, Joan C. Stanwyck (1) failed to turn over personal property valued at $2 million when she moved from the Wendover Drive property to the Malcolm Avenue property in or 'about August 2003; [39] and (2) fraudulently negotiated a $25,000 retainer check that Stanwyck allegedly received from a client in 1994. [40]

Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group are entitled to a short, concise statement of the pertinent facts which form the basis for Stanwyck's claim for relief against each of them under § 362(k). F.R.Civ.P. 8(a)(2). To state a plausible claim for relief under § 362(k), Stanwyck's Complaint must identify with respect to each Defendant: (1) the specific provision of § 362(a) allegedly violated by the Defendant; (2) the facts concerning the date, time, and nature of the conduct alleged to be in violation of § 362(a); (3) the case in which the automatic stay was allegedly violated; (4) the material facts showing that the alleged conduct was willful, and (5) an itemization of damages directly attributable to such violation. Absent such facts, the court is unable "to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Stanwyck's claims as to Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, and Joan Stanwyck Family 2002 Trust amount to bare legal conclusions or

Trust, Jared A. Barry, Steven E. Young, and Freeman, Freeman & Smiley, the court finds that Stanwyck's pleading could not possibly be cured by the allegation of other facts.

34. Complaint, 11:20–22.

35. *Id.,* 7:18–28.

36. *Id.,* 8:7–11.

37. *Id.,* 9:1–7.

38. *Id.,* 10:4–15.

39. *Id.,* 13:11–25.

40. *Id.,* 18:24–27.

contain insufficient factual information to survive challenge under Rule 12(b)(6). Nor can Defendants, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group be expected to respond to the vague and disjointed allegations of Stanwyck's Complaint absent a more definite statement under Rule 12(e).

## IV. MOTIONS FOR AN ORDER DECLARING STANWYCK A VEXATIOUS LITIGANT

### A. Standard for Determining Whether to Issue a Pre-filing Order Against a Vexatious Litigant.

Federal courts have discretion to enjoin parties from frivolous litigation under the All–Writs Act, 28 U.S.C. § 1651. *See, e.g., Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1051 (9th Cir.2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."); *Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation."); *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990) ("We recognize that '[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.'") (citing *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989)). "Bankruptcy courts, being courts established by Act of Congress, 'have the power to regulate vexatious litigation pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1651.'" *Goodman v. Cal. Portland Cement Co. (In re GTI Capital Holdings, LLC),* 420 B.R. 1, 11 (Bankr.D.Ariz.2009) (quoting *Lakusta v. Evans (In re Lakusta),* 2007 WL 2255230, *3 (N.D.Cal.2007)).

Before imposing a pre-filing order against a vexatious litigant in the Ninth Circuit, the court must: (1) give the litigant notice and an opportunity to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) draft an order that is "narrowly tailored to closely fit the specific vice encountered." *De Long,* 912 F.2d at 1147–48. In *Molski,* the Ninth Circuit observed that the five factors set forth in *Safir v. United States Lines, Inc.,* 792 F.2d 19 (2d Cir.1986) provide "a helpful framework for applying the two substantive factors (factors three and four)" of the *De Long* test. *Molski,* 500 F.3d at 1058. The *Safir* factors are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir,* 792 F.2d at 24.

### 1. Stanwyck was Given Notice and an Opportunity to be Heard.

Notice and an opportunity to be heard before a pre-filing order is entered "is a core requirement of due process." *Molski,* 500 F.3d at 1058 (citing *De Long,* 912 F.2d at 1147). In this case, Stanwyck was properly served with each of the Defendants' motions seeking that he be declared a vexatious litigant and requesting that a pre-filing order be entered against him. Stanwyck had adequate notice of the date, time and place of the

original hearing on each motion. Stanwyck requested a continuance of the hearings due to certain medical issues. Stanwyck's requested continuance was granted, and the hearings were continued to February 1, 2011, to provide Stanwyck with additional time to file written responses in opposition to the motions. Stanwyck appeared at the hearing in opposition to each of the Defendants' motions on February 1, 2011. Stanwyck had sufficient notice of the relief sought by the Defendants and an adequate opportunity to be heard on the matter. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (Due process is satisfied when notice is "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections.").

2. *There is an Adequate Record for Review Detailing the Harassing Nature of Stanwyck's Litigations.*

 "An adequate record for review should include a listing of all the cases and motions that [leads] the court to conclude that a vexatious litigant order [is] needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were *numerous or abusive.*" *Id.* (citations omitted) (emphasis added). As previously noted, Stanwyck has filed five adversary proceedings in this bankruptcy case alone.

a. *Adversary No. 2:08–ap–01240–SB.*

On February 29, 2008, Stanwyck filed a 130–page complaint in Adversary No.

2:08–ap–01240–SB, styled *North Am. Timeshare Shareholders Trust, et al. v. Edward D. Jones & Co., et al.* In his amended complaint filed on May 30, 2008, Stanwyck alleged 21 separate causes of action against one or more of 63 named defendants and sought damages in excess of $16.6 billion, an accounting, imposition of a constructive trust, injunctive relief, attorneys fees, interest, and costs. In Claims 1–3, Stanwyck sought $50 million actual damages, $50 million for emotional distress, $450 million punitive damages, costs of court and attorneys fees from all of the defendants pursuant to § 362(k) for alleged willful violation of the automatic stay in Case Nos. 2:92–bk–22475–SB, 2:02–bk–25398–SB, and/or 2:07–bk–19183–SB.[41] The defendants named in Stanwyck's amended complaint included Joan C. Stanwyck, Individually and as Trustee; Kirsten Stanwyck, Individually and as Trustee; Judy L. Bogen; Joseph Mannis; Neal Hersh; and Hersh, Mannis, Bogen & Kipper. In response to Stanwyck's amended complaint, the court received 16 motions pursuant to Rule 12(b).

On May 14, 2009, Stanwyck filed a Notice of Voluntary Dismissal of Defendant, Logan & Blue, Inc. pursuant to F.R.Civ.P. 41(a). On June 29, 2010, an Order for Dismissal and Abandonment of Claims was signed by Judge Samuel L. Bufford dismissing the adversary proceeding and abandoning all remaining claims to Stanwyck.[42]

b. *Adversary No. 2:08–ap–01435–SB.*

While Adversary No. 2:08–ap–01240–SB was pending, Stanwyck filed a 399–page

---

**41.** Stanwyck's Claim Nos. 4 through 21 included alleged causes of action under §§ 542, 522(f), 544(a), 544(b), 545, 547, 548, 549 and 550; fraud; racketeering conspiracy; breach of fiduciary duty; conversion; breach of contract; breach of the covenant of good faith and fair dealing; professional malpractice; intentional and negligent infliction of emo-

tional distress; constructive trust; accounting, and injunctive relief.

**42.** According to the docket, the court reached the merits of only 2 of the pending Rule 12(b) motions before the adversary proceeding was dismissed. On May 3, 2010, an order was entered dismissing the adversary proceeding

complaint in Adversary No. 2:08–ap–01435–SB, *North Am. Timeshare Shareholders Trust, et al. v. Internal Revenue Service, et al.*, on April 28, 2008, alleging 16 separate causes of action against one or more of 26 named defendants and seeking damages in excess of $16.6 billion, declaratory and injunctive relief, attorneys fees, interest and costs. In Claims 1–3 of the complaint, Stanwyck sought a judgment against all of the named defendants, including Joan Stanwyck, Judy Bogen, Neal Hersh, Joseph Mannis, Hersh, Mannis & Bogen, Stephen M. Laches, ADR Services, Inc., and Isabel R. Cohen, for $25 million actual damages, $225 million punitive damages, attorneys fees, and costs for alleged violation of § 362(k).[43] In response thereto, the court received 10 motions to dismiss Stanwyck's complaint pursuant to Rule 12(b)(6). On July 14, 2008, Defendants, Leslie S. Klinger, Robert Kopple, Douglas Schwartz, and Kopple & Klinger, LLP also filed a Motion to Declare Plaintiffs to Be Vexatious Litigants and [To] Require Them to Post Security.

On June 2, 2009, Stanwyck filed a document entitled "Non Estate Plaintiffs' Dismissals *Without Prejudice* of Non Estate Claims" seeking immediate dismissal of certain claims made the basis of the complaint, including his claims under § 362(k). The adversary was not dismissed, but remained on the court's docket for another 12 months without an adjudication of the pending Rule 12(b) motions. During that time, Namba, without formally substituting as a plaintiff in the litigation, negotiated settlements on behalf of the estate with a number of the defendants regarding claims asserted by Stanwyck in Adversary Nos. 2:08–ap–01240–SB and 2:08–ap–01435–SB. Namba's efforts resolved a number of the Rule 12(b) motions pending in the adversary proceedings. Once his settlement efforts were exhausted, the adversary proceedings were dismissed. On June 29, 2010, an Order for Dismissal and Abandonment of Claims was signed by Judge Samuel L. Bufford dismissing Adversary No. 2:08–ap–01435–SB and abandoning all remaining claims to Stanwyck.[44]

### c. *Adversary No. 2:10–ap–02982–PC.*

Stanwyck's Complaint was filed in this adversary proceeding on November 2,

---

as to Defendants, Ira Benjamin Katz and Leslie S. Gold, also erroneously sued as Beugelmans, Katz & Radis. On July 22, 2010, an Order Granting Motion of the United States of America to Dismiss Plaintiff's Complaint was entered dismissing the adversary proceeding as to the United States of America and its agency, the Internal Revenue Service.

**43.** Stanwyck's Claim Nos. 4 through 16 included alleged causes of action under §§ 542, 502 and 506; fraud; breach of fiduciary duty; breach of contract; breach of the covenant of good faith and fair dealing; intentional and negligent infliction of emotional distress; professional malpractice; racketeering conspiracy; conversion; assault and battery; constructive trust, and declaratory relief.

**44.** According to the docket, the court reached the merits of only 3 of the Rule 12(b) motions

before the adversary proceeding was dismissed. On March 18, 2010, an Order Granting Motion to Dismiss Complaint and Dismissing Adversary Proceeding was entered dismissing the adversary proceeding as to Defendant, Alberta P. Stahl. On July 22, 2010, an Order Granting Motion of the United States of America to Dismiss Plaintiff's Complaint was entered dismissing the adversary proceeding as to the Internal Revenue Service. On February 8, 2010, Defendant, Isabel R. Cohen filed a document entitled "Notice of Ruling" which indicates that Judge Bufford granted her Rule 12(b)(6) motion and dismissed Stanwyck's complaint as to any claims asserted against her, but no order was ever entered on the motion. Judge Bufford did not reach the merits of the motion seeking to have Stanwyck declared a vexatious litigant.

2010. Stanwyck alleges causes of action under § 362(k) against 37 named Defendants and seeks injunctive relief, damages in excess of $16.4 billion, fees and costs.

d. *Adversary No. 2:10–ap–02641–PC.*

On September 7, 2010, Stanwyck filed a 120–page complaint in Adversary No. 2:10–ap–02641–PC, *Steven J. Stanwyck v. Scott Drexel, et al.*, alleging, in pertinent part, violations of §§ 362(a) and 525(a) against one or more of 8 named defendants, including the State Bar of California, and seeking damages in excess of $5 million, injunctive relief, attorneys fees, interest and costs. Stanwyck also sought a jury trial on his claims. On October 12, 2010, Defendants, Scott Drexel, Michael J. Glass, Miho Murai, Charles Murray, Brian Rowsey, James Towrey, Russell Weiner, and the State Bar of California moved to dismiss Stanwyck's complaint under Rule 12(b)(6). Stanwyck opposed the motion. After a hearing on November 30, 2010, an order was entered dismissing the adversary proceeding.[45]

e. *Adversary No. 2:11–ap–01002–PC.*

On January 3, 2011, Stanwyck filed a 58–page complaint in Adversary No. 2:11–ap–01003–PC, *Steven J. Stanwyck v. Uniquities Consignments House, et al.*, seeking actual and punitive damages in excess of $3 million for alleged fraud, extortion, racketeering, conspiracy, breach of contract, and elder abuse against one or more of 23 named defendants, including the Jamaican Government. Again, Stanwyck sought a jury trial on his claims. After Stanwyck failed to appear at a court-ordered status conference, an order was entered on March 18, 2011, dismissing the adversary proceeding.

There is an adequate record for review of the order.

3. *Substantive Findings About Frivolous or Harassing Nature of Plaintiff's Litigation.*

 The third *De Long* factor goes "to the heart of the vexatious litigant analysis." *Molski,* 500 F.3d at 1059. The court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long,* 912 F.2d at 1148 (quoting *In re Powell,* 851 F.2d 427, 431 (D.C.Cir.1988)). In so doing, the court must evaluate " 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* Alternatively, the third *De Long* factor is satisfied if the evidence supports a finding of harassment. *De Long,* 912 F.2d at 1148. With respect to this element, the *Safir* factors apply. *See Molski,* 500 F.3d at 1058.

a. *Stanwyck's History of Litigation.*

"Stanwyck, and his related corporations, have been designated as vexatious litigants by four state and federal courts." *Pine Assocs., Inc. v. Chase Mortg. Holdings, Inc.,* 234 Fed.Appx. 697 (9th Cir.2007). Stanwyck is currently subject to the following pre-filing orders:

(1) Order Dismissing Complaint, Imposing Sanctions, Granting Attorney's Fees and Declaring Plaintiffs Vexatious Litigants, entered in Case No. CV 01–7749–GAF, *Stanwyck, et al.*

---

**45.** The court takes judicial notice of the Order Granting Defendants' Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief Can be Granted entered in such adversary proceeding on January 4, 2011, together with the findings of fact and conclusions of law contained in the Memorandum Decision Re: Defendants' Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief Can be Granted of even date therewith.

*v. Beilinson, et al.,* in the United States District Court, Central District of California, Los Angeles Division, on July 21, 2002, and affirmed by the Ninth Circuit on April 28, 2004. *See Stanwyck v. Beilinson,* 104 Fed.Appx. 616, 619 (9th Cir. 2004);

(2) Order Granting Defendants' Requests for Judicial Notice and Defendants' Motion to Declare United Computer Systems, Inc. and Steven J. Stanwyck Vexatious Litigants, entered in Case No. CV 00–1640–RSWL, *United Computer Sys., Inc. v. AT & T Corp., et al.,* in the United States District Court, Central District of California, Los Angeles Division, on December 26, 2002, and affirmed by the Ninth Circuit. *See United Computer Sys., Inc. v. AT & T Corp.,* 107 Fed.Appx. 818, 821 (9th Cir.2004);

(3) Order Granting Requests for Judicial Notice, and Motion for Declaration that United Computer Systems, Inc., United Computer Systems, and Steven J. Stanwyck are Vexatious Litigants, by AT & T, Lucent and NCR, in Case No. BC254633, *Stanwyck et al. v. Felder, et al.,* in the Superior Court of California, County of Los Angeles, Civil Central West, dated January 29, 2002; and

(4) Order Declaring Steven J. Stanwyck, United Computer Systems, United Computer Systems, Inc., North American Timeshare, Inc. to be Vexatious Litigants, Requiring Furnishing Security and Requiring Seeking Leave Before Filing Future Lawsuits, in Case No. 400264, *United Computer Systems, et al. v. Vickery, et al.,* in the Superior Court of California, County of San Francisco, on January 9, 2003.

On June 21, 2005, the district court dismissed Stanwyck's complaint in Case No. CV 05–845–JFW (MANx), *Pine Assocs., Inc., et al. v, Chase Mortg. Holdings, Inc., et al.,* in the United States District Court, Central District of California, Los Angeles Division, for his failure to respond to a Notice of Filing by Vexatious Litigant Subject to Prefiling Order. The dismissal was affirmed by the Ninth Circuit. *Pine Assocs., Inc.,* 234 Fed.Appx. at 697. On August 5, 2010, the district court dismissed Stanwyck's complaint in Case No. CV 10–3553–AHM (FMOx), *Stanwyck v. American Home Assurance & National Union Fire Ins. Co., et al.,* in the United States District Court, Central District of California, with prejudice for having been previously designated a vexatious litigant and failing to comply with a pre-filing requirement in that court.

Finally, a Decision Including Disbarment Recommendation and Inactive Enrollment Order was filed in Case No. 02–O–10226, *In the Matter of Steven Jay Stanwyck,* in the State Bar Court of California on February 10, 2010, recommending that "Steven Jay Stanwyck be disbarred from the practice of law in the State of California." In its 33–page decision, the State Bar Court chronicled Stanwyck's vexatious filings and professional misconduct since 1996. In making its recommendation, the State Bar Court determined there was clear and convincing evidence establishing that Stanwyck "engaged in frivolous and abusive litigation tactics for nearly two decades" and that Stanwyck's conduct "significantly harmed the administration of justice and those parties who were subjected as defendants to his inappropriate litigation practices." In making its recommendation, the State Bar Court concluded:

> [Stanwyck] has engaged for nearly two decades in a deliberate and repeated

abuse of the judicial system. He has filed repetitive lawsuits against numerous parties, and conducted those suits in a manner that was abusive of both the parties and the courts. As soon as the parties or the courts stop his antics in one forum, he moves to continue them in another, but frequently adding as defendants the attorneys who had prevailed over him in the prior action. This pattern continues to the present day. Such conduct by a member demonstrates a lack of fitness to practice and continues an ongoing danger to the public, the courts, and the profession.

Numerous courts in the past have endeavored to re-direct [Stanwyck] from his inappropriate ways by issuing warnings and orders of sanctions. More recently, the courts have repeatedly issued declarations that he is a vexatious litigant. Unfortunately, all of these efforts by other courts have not caused [Stanwyck] to adopt a more ethical approach. *Id.* at 31.

Stanwyck's current Complaint, like the prior complaints, is nearly devoid of comprehensible facts upon which Stanwyck's allegations are based. Given the large number of defendants to each action, the inappropriateness of many of the defendants to the actions, and the duplicative nature of the claims asserted, the court finds that the lawsuits filed by Stanwyck in this bankruptcy case are both vexatious and harassing.

### b. *Stanwyck's Motive in Pursuing the Litigation.*

Stanwyck may have a legitimate claim for relief under § 362(k); but like the prior complaints, Stanwyck has yet to disclose any pertinent facts that would form the basis of a cognizable claim under § 362(k) as to any of the Defendants named in his current Complaint. Dam-

ages may be recovered under § 362(k) only for a "willful" violation of the stay. 11 U.S.C. § 362(k). A defendant's stay violation is "willful" only if (1) the defendant knew of the automatic stay and (2) the defendant's acts were intentional. *In re Abrams*, 127 B.R. 239, 244 (9th Cir. BAP1991). The number of complaints, coupled with the false and exaggerated allegations of injury contained in each complaint, support a finding that Stanwyck's lawsuits are vexatious and pursued for the overriding purpose of harassment.

### c. *Whether Stanwyck is Represented by Counsel.*

 Stanwyck's suits are always brought in *pro se*. Generally, courts must give some deference to *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("A document filed *pro se* 'is to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citation omitted)). Stanwyck, however, is a lawyer. Furthermore, a court must not tolerate an abuse of the judicial process so flagrant that it permits one individual to preempt the use of judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other litigants. *See De Long*, 912 F.2d at 1148.

### d. *Whether Stanwyck has Caused Unnecessary Expense to the Parties or Placed a Needless Burden on the Courts.*

Stanwyck has filed other largely duplicative complaints against the same or similar Defendants. Stanwyck's actions have forced the Defendants to undertake unnecessary expense to defend themselves from baseless claims. This court has expended considerable time and effort reviewing and

ruling on motions seeking dismissal of these claims under Rule 12(b)(6) and relief from Stanwyck's continuing lawsuits. Stanwyck has caused unnecessary expense to the parties and has placed a needless burden on the courts.

### e. *Whether Other Sanctions Would be Adequate to Protect the Courts and Other Parties.*

Stanwyck has been sanctioned for his actions in previous suits that have been filed. Stanwyck has been designated a vexatious litigant and is subject to pre-filing orders in both the state court and the federal district court. Stanwyck has now filed several complaints in the bankruptcy court seeking damages in excess of $16.6 billion against multiple defendants, each time making baseless allegations. The court does not believe that a sanction other than the furnishing of security and a pre-filing order would be appropriate to protect the courts and other parties from further frivolous lawsuits being brought by Stanwyck.

### 4. *The Order is Narrowly Tailored to the Specific Vice Encountered.*

The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior. In *De Long,* the Ninth Circuit held overbroad an order preventing the plaintiff from filing any suit in a particular district court. *De Long,* 912 F.2d at 1148. In *O'Loughlin v. Doe,* the Ninth Circuit held that an order requiring a plaintiff to show good cause before making any request to proceed in *forma pauperis* was not narrowly tailored. *O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th

Cir.1990). Likewise, in *Moy v. U.S.* the Ninth Circuit held that an order requiring a plaintiff to obtain leave of court to file any suit was overly broad when the plaintiff had only been highly litigious with one group of defendants. *Moy v. U.S.,* 906 F.2d 467, 470 (9th Cir.1990).

In contrast, the Ninth Circuit in *Molski* affirmed a pre-filing order which declared the plaintiff a vexatious litigant and prevented the plaintiff from filing further actions under Title III of the Americans with Disabilities Act ("ADA") in the United States District Court for the Central District of California. *Molski,* 500 F.3d at 1061. "The order ... appropriately cover[ed] only the type of claims [plaintiff] had been filing vexatiously—ADA claims." *Id.* The order did not prevent plaintiff from filing any ADA complaints. *Id.* "[I]t merely subject[ed] [plaintiff's] complaints to an initial screening review by a district judge." *Id.* The Ninth Circuit found that the district court's pre-filing order was "narrowly tailored because it [did] not deny [plaintiff] access to courts on any ADA claim that [was] not frivolous, yet it add[ed] a valuable layer of protection, which [the Ninth Circuit thought] was warranted, for the courts and those targeted by [plaintiff's] claims." *Id.* (citation omitted).

In this case, the court finds that Stanwyck is a vexatious litigant and that the proper order must require Stanwyck to obtain leave of court before filing any further complaint seeking relief (1) under § 362(k) for an alleged violation of the automatic stay or conspiracy to violate the automatic stay; or (2) based upon an Abandoned Claim.[46]

---

46. "Abandoned Claim" includes (1) any claim or cause of action asserted by Stanwyck in his first amended complaint filed in Adversary No. 2:08–ap–01240–SB, styled *North Am.*

*Timeshare Shareholders Trust, et al. v. Edward D. Jones & Co., et al.,* and abandoned to Stanwyck by Order for Dismissal and Abandonment of Claims entered in such adversary

### B. *Stanwyck Must Post Security To Continue This Litigation.*

█ L.R. 83–8.1 states:

It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.

L.R. 83–8.1 [47] L.R. 83–8.2 further states, in pertinent part:

On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court . . ., issued upon such showing of the evidence supporting the claim as the judge may require.

L.R. 83–8.2. In light of the complexity of the purported claims made the basis of Stanwyck's Complaint, the number of defendants named by Stanwyck in the Complaint, the amount of the alleged damages, and the reasonable amount of attorneys fees and costs that may be incurred by each of the 37 named Defendants in defense of the litigation, the court finds that security in the amount of $925,000 is appropriate.

### V. CONCLUSION

For the reasons stated, the court will (1) grant the motions of Defendants, Isabel R. Cohen, Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, Jared A. Barry, Steven E. Young, and Freeman, Freeman & Smiley under Rule 12(b)(6) and dismiss Stanwyck's Complaint as to said Defendants with prejudice and without leave to amend; (2) grant the motions of Defen-

---

proceeding on July 7, 2010; and (2) any claim or cause of action asserted by Stanwyck in his complaint filed in Adversary No. 2:08–ap–01435–SB, *North Am. Timeshare Shareholders Trust, et al. v. Internal Revenue Service, et al.,* and abandoned to Stanwyck by Order for Dismissal and Abandonment of Claims entered in such adversary proceeding on July 7, 2010.

On March 22, 2011, Namba reported that all assets of Stanwyck's bankruptcy estate had been liquidated, there are funds on hand of $61,250, and that his final report as trustee will be submitted shortly. Declaration of Jerry Namba in Response to Court's Order Directing Jerry Namba, Trustee, to Show Cause Why He Should Not be Removed as Trustee or, Alternatively, Ordered to File a Report of No Distribution and Discharged as Trustee, and Why Case Should Not be Closed filed in

Case No. 2:07–bk–19183–PC, *In re Steven J. Stanwyck, Debtor,* in the United States Bankruptcy Court, Central District of California, Los Angeles Division, on March 22, 2011, at Dk # 248. The court takes judicial notice that 28 proofs of claim were timely filed in Stanwyck's bankruptcy case totaling $55,150,526.88. Given the administrative expenses that have accrued since the petition date, it appears that the case will be administratively insolvent.

**47.** In this court, "[a] matter not specifically covered by [the LBRs] may be determined, if possible, by parallel or analogy to the F.R.Civ. P., the FRBP, or the District Court Rules." LBR 1001–1(e)(1). Since vexatious litigation in the bankruptcy court is not specifically covered by a local bankruptcy rule, the court will apply L.R. 83–8.1 through L.R. 83–8.4.

208

dants, Neal Hersh, Joseph Mannis, Judy Bogen, Hersh, Mannis & Bogen, Edward M. Ross, Logan & Blue, Inc., Jeffrey Zabner, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, and Joan Stanwyck Family 2002 Trust under Rule 12(b)(6) with leave to amend, subject to the terms of a pre-filing order that will be imposed by the court on Stanwyck as a vexatious litigant; (3) grant the motions of Defendants, Steven M. Lachs, ADR Services, Inc., Dennis N. Brager, John O. Kent, and the Brager Tax Law Group for a more definite statement pursuant to Rule 12(e), subject to the terms of a pre-filing order that will be imposed by the court on Stanwyck as a vexatious litigant; and (4) grant the motions of Defendants, Isabel R. Cohen, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, Jeffrey Zabner, Stephen M. Lachs, ADR Services, Inc., Dennis N. Brager, John O. Kent, and the Brager Tax Law Group seeking security and the imposition of a pre-filing order against Stanwyck as a vexatious litigant. Stanwyck will be ordered to furnish security in the amount of $925,000 to secure for each of the named Defendants the costs of defending this action, including attorneys fees. The clerk of this court will be ordered not to accept for filing by or on behalf of Stanwyck any paper that seeks relief (1) under § 362(k) for an alleged violation of the automatic stay or conspiracy to violate the automatic stay; or (2) based upon an Abandoned Claim, absent leave of this court.

Separate orders will be entered consistent with this memorandum.